# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

March 1, 2024

*Before:*

**Diane P. Wood,** *Circuit Judge*
**Candace Jackson Akiwumi,** *Circuit Judge*

No. 24-1081

| | |
|---|---|
| LAUREN RICHWINE and DEATH DONE DIFFERENTLY LLC, | Appeal from the United States District Court for |
| *Plaintiffs - Appellees*, | the Northern District of Indiana, Fort Wayne Division. |
| v. | No. 1:23-cv-00370-HAB-SLC |
| KATHLEEN DIANE MATUSZAK, et al., | Holly A. Brady, |
| *Defendants - Appellants*. | *Chief Judge.* |

**O R D E R**

On January 23, 2024, the court issued an order to appellants and appellees to file memoranda, addressing why this matter should not be returned to the district court to obtain an injunction order that complies with the requirement of Fed. R. Civ. P. 65(d)(1)(C). *See BankDirect Capital Financial v. Capital Premium Financial, Inc*. 912 F.3d 1054, 1057 (7th Cir. 2019) ("Language in an opinion does not comply with Rule 65(d)."). *Bethune Plaza, Inc. v. Lumpkin*, 863 F.2d 525, 527 (7th Cir. 1988) ("A judicial opinion is not itself an order to act or desist; it is a statement of reasons supporting the judgment.... There must be a separate document, with a self-contained statement of what the court directs be done.") *Cf. Quincy Bioscience, LLC v. Ellishbrooks*, 957 F.3d 725, 728 n.17 (7th Cir. 2020) (court issued a limited remand for parties to seek an injunction that complies with Rule 65 (d)(1)(C).); *MillerCoors LLC v. Anheuser-Busch Companies, LLC* 940 F.3d 922 (7th Cir. 2019) (per curiam) (same).

-over-

No. 24-1081                                                                                      -Page 2-

Appellants responded, indicating that this matter should be remanded for the limited purpose of allowing the district court to enter an injunction that complies with Rule 65 (d)(1)(C). Appellees do not oppose such a remand. Accordingly,

IT IS ORDERED that this appeal is REMANDED to the district court to enter an injunction order that complies with the requirements of Fed. R. Civ. P. 65 (d)(1)(C),

IT IS FURTHER ORDERED that appellants inform the court, no later than March 22, 2024, whether the district court has entered an injunction order.